IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-01150-SKC-MDB

LANCE P. SCHENDORF,

    Plaintiff,

v.

DANIEL GOMEZ, *et al.*,

    Defendants.

## ORDER

According to Plaintiff's allegations, on May 6, 2021, the Jefferson County Regional SWAT Team and the North Metro Drug Task Force executed a high-risk search warrant for Plaintiff's home. Dkt. 89 at pp.9. In their search, the officers discovered large quantities of methamphetamine, which led to Plaintiff's arrest. Dkt. 46-2. However, Plaintiff contends these officers—named as Defendants in their individual and official capacities—used unreasonable and excessive force during their search of his home and violated the Fourth Amendment's knock-and-announce requirement. He further contends his seizure during the search of his home was

1

unreasonable. *See generally* Dkt. 89.¹ Defendants seek dismissal of the claims against them in their entirety. Dkts. 28, 46, 48, 63, 112.

The Court referred these matters to Magistrate Judge Maritza Dominguez Braswell, and on July 9, 2024, Judge Dominguez Braswell issued her Recommendation that Defendants' Motions be granted and this case be dismissed in its entirety, with prejudice. Dkt. 130. Plaintiff has objected, and Defendants have responded accordingly. Dkts. 134, 135. Having reviewed the Complaint, Motions, Recommendation, and relevant briefing on these matters, the Court agrees with Judge Dominguez Braswell's thorough and well-reasoned conclusion that Plaintiff has failed to state any claim to relief. Consequently, the Court AFFIRMS and ADOPTS the Recommendation.

## LEGAL STANDARDS

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including

---

¹ Plaintiff also asserted a claim contesting the validity of the search warrant. He has, however, abandoned that claim as barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477 (1994). *See* Dkt. 89 at 8.

2

judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

## ANALYSIS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). After being granted an extension of time, Plaintiff timely filed his objections. Dkt. 134. Because he is not represented by counsel, the Court has liberally construed Plaintiff's objections and related filings but has done so without acting as his advocate.

### A. Unreasonable and Excessive Force

In his claim for unreasonable and excessive force, Plaintiff alleges Defendants' "commando-style raid" and use of flashbang devices, Bearcat armored vehicles, and snipers, was not warranted based on the circumstances. Dkt. 89 at p.9. When considering "whether a particular search or seizure comports with reasonableness, a

4

court must balance 'the nature and the quality of the intrusion on the individual's Fourth Amendment interests, against the countervailing governmental interests at stake.'" *Santistevan v. City of Colorado Springs*, 983 F. Supp. 2d 1295, 1318 (D. Colo. 2013) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Courts must consider the totality of the circumstances including "the crime's severity, the potential threat posed by the suspect to the officer's and others' safety, and the suspect's attempts to resist or evade arrest." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1188 (10th Cir. 2001). This inquiry must be made "from the perspective of a reasonable officer on the scene, recognizing the fact that the officer may be forced to make split-second judgments" under stressful and dangerous conditions." *Id.* (cleaned up).

Judge Dominguez Braswell found that, even accepting Plaintiff's allegations as true, Defendants' conduct was not unreasonable under the circumstances. Dkt. 130 at p.11. She specifically noted that Defendants previously conducted controlled purchases of methamphetamines from Plaintiff via a confidential informant, who also observed "large quantities of methamphetamines" at Plaintiff's property. The magistrate judge then concluded Defendants had a legitimate interest in minimizing the risk of harm to themselves and the public, particularly because "the execution of a warrant to search for narcotics is the kind of transaction that may give rise to sudden violence or frantic efforts to conceal or destroy evidence." Dkt. 130 at p.11 (quoting *Bailey v. United States*, 568 U.S. 186, 194 (2013)).

Plaintiff spends the bulk of his objection distinguishing the facts of the cases Judge Dominguez Braswell cited in her Recommendation from the facts in his case. But these efforts are unavailing. Judge Dominguez Braswell does not rely on those cases because of their factual scenarios. Rather, she cites them for the propositions of law espoused therein. To be sure, even Plaintiff acknowledges the validity of these legal principles. Ultimately, Plaintiff's argument amounts to a bare contention that Judge Dominguez Braswell incorrectly weighed the facts. Although such an objection is too general to warrant *de novo* review, the Court has nevertheless done so and reaches the same conclusion as the magistrate judge.

As Defendants point out, Plaintiff's arguments rely on the benefit of hindsight. He notes the officers did not discover any weapons in his apartment, none of the evidence was destroyed, and none of the occupants resisted arrest. That, however, is not the appropriate inquiry because it is backward looking. The Court must consider the totality of the circumstances from the perspective of a reasonable officer *on the scene*. *Holland*, 268 F.3d at 1188.

Here, the officers knew Plaintiff was selling methamphetamine and that a large quantity of it was in his apartment. Further, the officers did not know whether there were weapons in the apartment, nor did they know how many people would be inside at the time of executing the warrant. Given the volatile nature of executing a narcotics search warrant, these facts support the use of dynamic entry tactics. *Santistevan*, 983 F. Supp. 2d at 1319 ("[A] blanket policy of sending a SWAT team to

6

execute warrants in all narcotics cases may not offend the Fourth Amendment in the absence of evidence that the decisionmaker knew the team would use excessive force, intended to cause harm. . . ."). The Court also notes that as the officers were preparing for entry, an individual came out of Plaintiff's apartment, saw the officers, and then ran back inside, which further supports a finding of exigent circumstances justifying the use of force and distraction devices. Dkt. 46-2.[2] Consequently, the Court agrees with Judge Dominguez Braswell's conclusion that Defendants' conduct during the raid was reasonable under the circumstances. The Court affirms and adopts her analysis and dismisses Plaintiff's second claim for relief.

### B.   Knock-and-Announce

In his third claim for relief, Plaintiff alleges the Defendants forced entry into his apartment "within a few seconds of [the officers'] verbal announcement" despite there being "no constructive refusal of admittance following [the] announcement of presence and authority." Dkt. 89 at p.10. He asserts, therefore, that Defendants did not comply with the knock-and-announce requirements of the Fourth Amendment. *Id.*

The common-law knock-and-announce principle "is an element of the reasonableness inquiry under the Fourth Amendment." *Wilson v. Arkansas*, 514 U.S.

---

[2] Judge Dominguez Braswell took judicial notice of the warrant, supporting affidavit, and the officers' incident reports, which is where the reference to the individual who exited and retreated comes from. Plaintiff did not object to her doing so. Indeed, it seems clear Plaintiff sourced many of his factual allegations from the incident reports.

7

927, 934 (1995). "Although certain circumstances may justify entry without knocking and announcing, '[t]he Fourth Amendment . . . includes a general presumption that police officers executing a search warrant for a residence must announce their presence and authority before entering.'" *United States v. Jenkins*, 175 F.3d 1208, 1213 (10th Cir. 1999) (quoting *United States v. Moore*, 91 F.3d 96, 98 (10th Cir. 1966)) (cleaned up).

In her Recommendation, the magistrate judge found that even considering the facts in the light most favorable to Plaintiff, "the no-knock warrant was justified." Dkt. 130 at p.18. In particular, she noted that because Defendants were tasked with collecting contraband, knocking and announcing their presence would inhibit the investigation of the crime. *Id*. Plaintiff objects to Judge Dominguez Braswell's characterization of the warrant as "no-knock" and contends she impermissibly relied on a blanket exception to the knock-and-announce requirements for drug warrants. Dkt. 134 at pp.8-10.

Although Plaintiff is correct that the warrant was a knock-and-announce warrant (as opposed to no-knock), the difference does not require a different outcome because the exigent circumstances on the scene would have justified dispensing with the knock-and-announce principle altogether. *Jenkins*, 175 F.3d at 1214 ("exigent circumstances such as the risk of destruction of evidence or the threat of physical violence may justify" a no-knock entry); *see also Richards v. Wisconsin*, 520 U.S. 385, 394 (1997) ("[I]n each case, it is the duty of a court confronted with the question to

8

determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement.").

As the Court discussed above, in addition to the risks inherent in executing a narcotics search warrant, an occupant leaving the apartment spotted the officers while they prepared to execute the warrant, and the occupant retreated back inside. Dkt. 46-2. This occupant's exit and retreat after seeing the officers created an exigent circumstance that not only supported Defendants waiting a shorter period between knocking and entering, but also supported their entry without knocking to prevent the occupants from destroying any narcotics present in the apartment. *Richards*, 520 U.S. 385, 394 (1997) ("[T]o justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.").

Finally, the Court rejects Plaintiff's argument that Judge Dominguez Braswell relied on a blanket exception for drug warrants because it mischaracterizes her analysis. Defendants' task of collecting contraband and drug paraphernalia was simply a factor the magistrate judge weighed in reaching her conclusion that a no-knock entry was justified. The Court overrules Plaintiff's objections and adopts the magistrate judge's Recommendation that claim three be dismissed.

### C.   Unreasonable Seizure

Turning to Plaintiff's claim for unreasonable seizure in violation of the Fourth Amendment, he alleges that during the officer's search of his home, he was handcuffed, removed from his apartment in a state of undress, and placed in the back of a patrol car. Dkt. 89 at p.11. He further alleges he was "not permitted to witness (or aid in) in the search," or permitted to "witness any inventory of items taken from the premises." *Id*. Judge Dominguez Braswell concluded, however, that Plaintiff's seizure was reasonable under the circumstances because the officers had probable cause for his warrantless arrest and countervailing governmental interests related to officer safety outweighed Plaintiff's privacy rights. Dkt. 130 at pp.16-17.

In his objection, Plaintiff clarifies he is not challenging the warrantless arrest, but rather, only his detention prior to the arrest. Dkt. 134 at pp.7-8. Specifically, as the Court understands it, Plaintiff narrowly challenges the fact that the officers removed him from his apartment. He contends that under *Michigan v. Summers*, 452 U.S. 692, 705 (1981), the officers were only entitled to detain him *inside* the premises and that removing him to the patrol car violated the Fourth Amendment. The Court disagrees.

"In *Summers*, the [Supreme] Court defined an important category of cases in which detention is allowed without probable cause to arrest for a crime," specifically, detention specific to the execution of a search warrant. *Bailey v. United States*, 568 U.S. 186, 193 (2013). In its analysis, the *Summers* Court recognized three important

10

law enforcement interests—officer safety, facilitating the completion of the search, and preventing flight—that justified the detention of an occupant in the immediate vicinity of the premises being searched. 452 U.S. at 702-703. Although "immediate vicinity is narrowly defined," *United States v. Ramirez*, 976 F.3d 946, 955 (9th Cir. 2020), Plaintiff has cited no case law for the proposition that this should be limited to detaining individuals within the walls of the place to be searched, and the Court could find none. The Court further concludes that such a restriction would undermine the law enforcement interests identified by the Supreme Court in *Summers* that justify the detention in the first place.

To be sure, in this case a total of seven occupants were removed from the apartment, Dkt. 46-2 at p.9, and according to Plaintiff, there were over a dozen officers in the apartment. Dkt. 134 at p.7. If the officers were forced to keep all seven occupants inside, the crowding would likely hinder the search and require the officers to divide their attention between searching for items listed in the warrant and monitoring the detained. Such an outcome would clearly run counter to those interests identified in *Summers*. Thus, the Court overrules Plaintiff's objection and concludes that detaining the occupants, including Plaintiff, outside of the apartment in the parking lot did not offend the Fourth Amendment. *See, e.g., Gomez v. United States*, 601 F. App'x 841, 847 (11th Cir. 2015) (under *Summers* the temporary detention of defendant outside his residence while police were executing an arrest

11

warrant for his father at the residence was permissible, where defendant was in the immediate vicinity of the execution of the arrest warrant).

\*   \*   \*

For the reasons shared above, the Court OVERRULES Plaintiff's Objections to the Recommendation. The Court AFFIRMS and ADOPTS Judge Dominguez Braswell's Recommendation and ORDERS. Defendants' Motions to Dismiss are GRANTED as follows:

1. Plaintiff's Claim One is dismissed without prejudice as barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).
2. Plaintiff's Claims Two, Three, and Four are dismissed with prejudice in their entirety.[3] Plaintiff has already amended his complaint twice and based on the foregoing analysis, the Court concludes any further amendments would be futile.

DATED: October 25, 2024.

---

[3] Because Plaintiff failed to state a claim against any Defendant in his individual capacity, the official capacity claims must also be dismissed. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").

12

BY THE COURT:

_____

S. Kato Crews
United States District Judge